IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LANTER DISTRIBUTING, LLC,            )
                                     )
        Lanter,                      )
                                     )
        v.                           )        Case No. 20-cv-619-RJD
                                     )
LAZER SPOT, INC.,                    )
                                     )
        Lazer Spot.                  )
                                     )

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motions in Limine (Doc. 43).   Plaintiff filed a Response (Doc. 54).   Plaintiff also filed Motions in Limine (Doc. 50); Defendant did not file a Response.

**Background**

In March 2016, Plaintiff Lanter Distributing, LLC ("Lanter") and Defendant Lazer Spot, Inc. ("Lazer Spot") entered into a contract titled "Trailer Interchange Agreement" (Doc. 36-2, pp. 1,3).   The parties agreed that "either party may interchange the other party's owned, leased, or controlled trailers" subject to certain conditions (*Id*. p. 1).   The contract terminated in August 2018.   Lanter alleges that Lazer Spot failed to return some of Lanter's trailers (the "lost trailers').   Lanter did not own the lost trailers, but leased them pursuant to "rental agreements where you could turn them back when your business stopped" (Doc. 36-5, p. 21:9-16).   However, because the "dry" trailers were missing, Lanter could not cancel the rental agreements (Doc. 36-5, p. 19:9-20:16).   Consequently, Lanter had to continue paying the rental fees for trailers it did not have.

Once the cost of the rental fees exceeded the value of the trailers, Lanter stopped making payments on the leases (Doc. 36-5, p. 21: 2-8).   Lazer Spot filed a counterclaim, alleging that Lanter also failed to return "all" of Lazer Spot's trailers, and damaged other trailers (Doc. 19, p. 5,6).

**Lazer Spot's Motions in Limine (Doc. 43)**

1.  References to insurance

Lanter has no objection. Lazer Spot's Motion in Limine #1 is GRANTED.

2.  "Other litigation in which Lazer Spot has been involved"

Lanter has no objection. Lazer Spot's Motion in Limine #2 is GRANTED.

3.  Financial condition of parties.

Lanter has no objection. Lazer Spot's Motion in Limine #3 is GRANTED.

4.  "Rental fees, or double recovery"

Lazer Spot asks the Court to bar Lanter from presenting evidence regarding the rental fees Lanter incurred for the "lost trailers" because Lanter is also seeking recovery for the value of the trailers, and Lanter is not entitled to a "double recovery."   Of course, Lanter cannot "recover twice for the same injury." *Illinois School Dist. Agency v. Pacific Ins. Co. Ltd.*, 571 F.3d 611, 616 (7th Cir. 2009).   However, Lanter paid rental fees for the "lost trailers" for approximately two years and it also claims that it is liable for the cost to replace the trailers.   This issue must be resolved at trial when the Court can consider whether Lanter presented evidence to support their claims for cost to replace the trailers and for the rental fees.   Lazer Spot's Motion in Limine #4 is DENIED.

5.  Settlement discussions

Lanter has no objection. Lazer Spot's Motion in Limine #5 is GRANTED.

6.  "Documents requested but not previously disclosed"

Lanter has no objection.   Lazer Spot's Motion in Limine #6 is GRANTED.

7.  "No expert testimony from Lanter regarding value of trailers"

Lanter did not disclose any expert witnesses pursuant to Federal Rule of Civil Procedure 26.   Lazer Spot seeks to bar Lanter from calling expert witnesses or "eliciting any opinions from lay witnesses as to the value of damages to trailers or the value of lost trailers."   Lazer Spot correctly notes that a litigant who does not disclose experts pursuant to Rule 26 is barred from presenting expert testimony.  *Musser v. Gentiva Health Svcs*, 356 F.3d 751, 756-57 (7th Cir. 2004).   Lanter did not disclose any expert witnesses and therefore may not present expert testimony at trial.

However, the Court is not convinced that expert testimony is necessary to establish Lanter's damages in this matter.   Lanter explains that because Lazer Spot lost certain trailers, it is now liable to a third-party for the value of the lost trailers.   Lanter further explains that representatives of the third-party gave deposition testimony on the value of the trailers.   Lay witnesses may give their opinions regarding property value "if they have sufficient personal knowledge" of that property.  *Razor v. Hyundai Motor America*, 222 Ill.2d 75, 109 (2006).[1] Lazer Spot provides no information or argument regarding whether the lay witnesses have insufficient personal knowledge of the lost trailers' value, and therefore the Court will not determine at this juncture whether their testimony is inadmissible.   This matter may be revisited at trial.

Lazer Spot's Motion in Limine #7 is GRANTED IN PART and DENIED IN PART. Lanter may not present expert testimony at trial.   At this time, the Court denies Lazer Spot's motion to

---

[1] This matter is before the Court on diversity jurisdiction grounds, and because neither party raised a choice-of-law issue, the Court has applied Illinois substantive law to Lanter's breach of contract claim.  *Selective Ins. Co. of South Carolina v. Target Corp.*, 845 F.3d 263, 266 (7th Cir. 2016) (internal citations omitted). In diversity cases, federal procedural rules govern how experts are disclosed, and state substantive law governs whether expert testimony is necessary.  *Musser*, 356 F.3d at 755.

bar Lanter from "eliciting any opinions from lay witnesses as to the value of damages to trailers or the value of lost trailers."

      8.  Undisclosed witnesses

Lanter has no objection.   Lazer Spot's Motion in Limine #8 is GRANTED.

**Lanter's Motions in Limine (Doc. 50)**

SDIL Local Rule 7.1(g) provides that a party's "failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."   Lazer Spot did not file a Response to Lanter's Motions in Limine.   The Court exercises its discretion in granting Lanter's Motions in Limine 1-4 and 6, as those motions are commonly granted *in limine*, and motions 1-4 are identical to Lazer Spot's motions.

      1.  References to insurance

Lanter's Motion in Limine #1 is GRANTED.

      2.  "Other litigation in which Lanter has been involved"

Lanter's Motion in Limine #2 is GRANTED.

      3.  Settlement discussions

Lanter's Motion in Limine #3 is GRANTED.

      4.  "Documents requested but not previously disclosed"

Lanter's Motion in Limine #4 is GRANTED.

      5.  Repair costs

At the final pretrial conference, Defendant represented that it will be amending its counterclaim and no longer seeking damages for repair costs.   Based on that representation, Plaintiff withdrew Motion in Limine #5.

      6.  Undisclosed witnesses (expert or lay)

Lanter's Motion in Limine #6 is GRANTED.

**IT IS SO ORDERED.**

**DATED:   November 30, 2021**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**